

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00371-CR

RONALD WHITE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 367th District Court
Denton County, Texas[1]
Trial Court No. F22-711-462, Honorable Brent Hill, Presiding

August 12, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

A jury convicted Appellant, Ronald White, of the offense of continuous sexual abuse of a young child, a first-degree felony, and assessed a sentence of incarceration for life without eligibility for parole.[2] By his appeal, Appellant presents five issues. We affirm.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket-equalization efforts. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE § 21.02(b), (h).

BACKGROUND

During Appellant's marriage to Jessica White, Appellant fathered a child, A.W., with another woman, Bethany Sprinkle. Jessica initiated divorce proceedings when she discovered the affair. Nonetheless, Jessica raised A.W. along with her two biological children. Appellant and Jessica split custody of the children when they separated.

The morning following the children spending the night with Appellant, A.W., who was five years old at the time, complained to Jessica that she did not get enough "cuddles." A.W. went on to say that "the only time I get cuddles are [sic] when Daddy takes me downstairs for private time, and then he cuddles me after." After Jessica inquired further, A.W. told her that, "Daddy's penis has milk in it, and it tastes so yucky." Jessica then took A.W. into another room and used her phone to record A.W.'s outcry. Jessica took A.W. to the Lewisville Police Department and reported the allegation. An investigation was commenced and a sexual assault nurse examination was performed on A.W.

Subsequently, Appellant was arrested and charged with the offense of continuous sexual abuse of a child. During trial, the jury heard evidence, including the recording of A.W.'s outcry and evidence of an extraneous sexual assault by Appellant against the daughter of his girlfriend. At the close of evidence, the jury found Appellant guilty and recommended a sentence of life imprisonment and a $10,000 fine. The trial court accepted the jury's verdict and sentenced Appellant to life but refused to assess the fine. From this judgment, Appellant timely appeals.

**ANALYSIS**

By his appeal, Appellant presents five issues. Appellant contends, through his first issue, that the trial court erred in admitting the audio recording of A.W.'s outcry. By his second and third issues, Appellant challenges admission of evidence of an extraneous sexual abuse offense. Appellant argues in his fourth issue that the cumulative effect of the above errors is reversibly harmful. Finally, through his fifth issue, Appellant contends that trial counsel's failure to object to certain testimony constitutes ineffective assistance of counsel.

Issue One: Audio Recording

By his first issue, Appellant contends that the trial court erred in admitting the audio recording of A.W.'s outcry. After A.W. made her outcry to Jessica, Jessica took her to another room and began recording their conversation. Prior to Appellant's trial, the trial court held a hearing to address whether Jessica qualified as an outcry witness. During this hearing, the State indicated that it intended to offer the recording itself. Appellant objected to admission of the recording as violative of the hearsay rule. The trial court reserved ruling on Appellant's objection. During Jessica's testimony at the trial, a hearing was held outside the presence of the jury where the State again indicated that it intended to offer the recording into evidence. The State argued that Appellant's opening statement, which referenced the recording, and Appellant's defensive theory that A.W. had been coached by Jessica opened the door to admission of the recording. Appellant again objected that the recording was inadmissible hearsay. The trial court overruled Appellant's objection and admitted the recording. After the jury was brought back in, the State authenticated the recording and again offered it. In response, Appellant's counsel

3

stated that Appellant had "[n]o objection."  The recording was, thus, admitted and published to the jury.

"When an accused affirmatively asserts during trial that he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence . . . ."  *Dean v. State*, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); *see also Thomas v. State*, 408 S.W.3d 877, 884 (Tex. Crim. App. 2013).  We are also aware that courts have relaxed the rule of automatic waiver of an earlier-asserted objection based solely on an affirmative statement of no objection to the admission of evidence.  *See Thomas*, 408 S.W.3d at 885.  A "no objection" statement will not be construed as a waiver of an earlier objection if the record "plainly demonstrates that the defendant did not intend, nor did the trial court construe, his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal . . . ."  *Id*.

Here, Appellant objected to the recording as inadmissible hearsay prior to trial and again at the hearing held during Jessica's testimony.  However, when the recording was offered for admission into evidence, Appellant's only statement was "[n]o objection." Further, Appellant specifically referenced the recording in his opening statement.[3]  After the recording was admitted, Appellant cross-examined both Jessica and A.W. as to specific statements contained in the recording.  Because the record as a whole does not clearly establish that Appellant did not intend for his "no objection" statement to constitute

_____

[3] During his opening statement, Appellant told the jury that, after A.W.'s outcry, "Jessica takes [A.W.] into a room, and [Jessica] immediately pulls out her phone and starts recording her."

4

a waiver of his prior objection, we "should regard the 'no objection' statement to be a waiver of the earlier-preserved error." *Id*. We overrule Appellant's first issue.

Issues Two and Three: Extraneous Offense Evidence

By his second and third issues, Appellant contends that the trial court abused its discretion in admitting evidence of an extraneous sexual offense committed against E.L., the daughter of his prior girlfriend. Specifically, he contends that the extraneous offense evidence was inadmissible as violative of Texas Rule of Evidence 403, and that testimony from the "outcry witness" was inadmissible hearsay.

Prior to trial, the State filed notice that it intended to offer evidence of an extraneous sexual abuse offense committed by Appellant against E.L. During trial but outside the jury's presence, the trial court held an article 38.37 hearing on the admissibility of evidence concerning the extraneous offense involving E.L. After the trial court heard E.L.'s testimony and the State moved for admission of the evidence, Appellant argued that "the danger of unfair prejudice would support the [c]ourt keeping this evidence out in its discretion." The trial court ruled the evidence admissible under article 38.37 but expressly indicated that Appellant could request a limiting instruction. The trial court also took up the issue of whether Abby LeGrange, E.L.'s mother, would be permitted to testify as an outcry witness. After hearing her testimony and Appellant's objections relating to whether a specific event was identified and if Abby was the first adult E.L. told about the abuse, the trial court ruled that Abby would be permitted to testify as an outcry witness. Subsequently, E.L., Abby, and three other witnesses testified regarding Appellant's sexual abuse of E.L. without objection or request for a limiting instruction.

5

To preserve error, the record must reflect that the complaint was made to the trial court by a timely request, objection, or motion with sufficient specificity to make the trial court aware of the complaint unless the grounds of the complaint are apparent from the context. TEX. R. APP. P. 33.1(a)(1). Additionally, the record must reflect that the trial court either ruled on the objection or refused to rule and the objecting party objected to the refusal to rule. *Id*. at 33.1(a)(2). Further, to preserve error, the party's complaint must comport with the complaint that party made at trial. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).

On appeal, Appellant contends that he objected to the extraneous offense evidence of the sexual abuse of E.L. under Rule 403. When objecting to the evidence of the sexual abuse of E.L., Appellant stated only that "the danger of unfair prejudice would support the [c]ourt keeping this evidence out in its discretion." An objection that evidence is "irrelevant and prejudicial" is too broad, general, and global to preserve error. *Molitor v. State*, 827 S.W.2d 512, 519 (Tex. App.—Austin 1992), *rev'd on other grounds*, 862 S.W.2d 615, 616 (Tex. Crim. App. 1993) (en banc). A general reference to the danger of unfair prejudice is too broad and general to have preserved error. However, an objection will be considered preserved if the record reflects that there was a shared understanding of the objection between the parties and the judge. *Ford v. State*, 488 S.W.3d 350, 351–52 (Tex. App.—Beaumont 2016, no pet.). Here, the State did not respond to Appellant's "unfair prejudice" comment and the trial court ruled on the admissibility of the evidence under article 38.37 without acknowledging Appellant's unfair prejudice objection. From this record, we conclude that Appellant failed to preserve his objection that evidence of his sexual abuse of E.L. violated Rule 403. We overrule Appellant's second issue.

6

As to Abby's testimony as an outcry witness, Appellant's argument on appeal does not comport with his objections at trial. At trial, Appellant objected that Abby was not established to be the first adult to whom E.L. told of Appellant's sexual assault and that it was unclear whether Abby was testifying about a specific event. However, on appeal, Appellant contends that Abby should not have been permitted to testify as an outcry witness because her testimony was hearsay not permitted under article 38.072. The argument Appellant asserts on appeal does not comport with the objections he raised in the trial court. Appellant essentially acknowledges the variance between the arguments raised at trial and on appeal but contends that his appellate argument is simply a more refined argument in support of the objections he made at trial. Specifically, Appellant contends that, since he objected to Abby's designation as an outcry witness, his argument on appeal is refined in that it asserts that this designation is not authorized by article 38.072. A party's objection "must be specific enough so as to 'let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). Here, the record does not reflect that the trial court or the State had a "shared understanding" that Appellant was objecting to Abby's testimony under article 38.072. *See Ford*, 488 S.W.3d at 352 (issue preserved when there is shared understanding of objection and judge has chance to rule on objection). We conclude that Appellant did not preserve his objection to Abby's outcry testimony and we overrule his third issue.

Issue Four: Cumulative Error

By his fourth issue, Appellant contends that the cumulative effect of the three errors he claims above is reversible harm. However, we have determined that Appellant failed to preserve his claims of error regarding his first three issues. When an appellant fails to prove that any error occurred below, there is no error to accumulate. *Rachal v. State*, 725 S.W.3d 152, 170 (Tex. App.—Fort Worth 2025, pet. ref'd) (mem. op., not designated for publication). We overrule Appellant's fourth issue.

Issue Five: Ineffective Assistance of Counsel

By his final issue, Appellant contends that trial counsel's failure to object to multiple witnesses testifying that the complainant was credible denied Appellant his right to effective counsel.

To prevail on a claim of ineffective assistance of counsel, Appellant must prove that his counsel's performance was deficient and that deficient performance prejudiced his defense. *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). The defendant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the conduct constituted sound trial strategy. *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017). To overcome this presumption, counsel's ineffectiveness must be firmly founded in and affirmatively demonstrated by the record. *Id*. Trial counsel should generally be given an opportunity to explain his actions before being found ineffective. *Id*. When the record is not developed, counsel should be found ineffective only if his conduct was so outrageous that

8

no competent attorney would have engaged in it. *Id*. Generally, the record on direct appeal is insufficient to show that counsel's performance was deficient. *Id*.

Opinion testimony is inadmissible if it does not assist the jury and when it constitutes a "direct opinion on the truthfulness" of a complainant's allegations. *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993). The State may not elicit testimony that a particular child is telling the truth or belongs to a class of people who are worthy of belief. *Id*. at 712. However, an expert can generally testify about coaching and manipulation and whether a child exhibited signs of coaching or manipulation. *Schutz v. State*, 957 S.W.2d 52, 73 (Tex. Crim. App. 1997). An expert may also testify about behavioral characteristics that child-abuse victims commonly exhibit and opine whether a child's behavior is consistent with those characteristics. *Yount*, 872 S.W.2d at 708.

In the present case, Appellant identifies three witnesses who he claims testified to the truthfulness of the complainant, A.W.: Hollie Ritchie, the forensic interviewer from the Children's Advocacy Center; Elizabeth Rollins, the investigating detective for the case; and Bethany Sprinkle, the complainant's biological mother. We will address the challenged testimony of each.

Appellant complains that Ritchie testified that: (1) A.W. "was able to provide sensory details that a five-year-old child should have no idea about;" (2) A.W. described specific details of the abuse "that I don't believe she would have been able to discuss had she not experienced [the abuse];" and, (3) when pressed during cross-examination about whether A.W. was being truthful, "I am saying that I saw many indications that she was being truthful and didn't see red flags." The first two challenged statements do not offer

9

a direct opinion regarding A.W.'s truthfulness and, instead, identify facts that are relevant to the jury's assessment of A.W.'s credibility. As to the final challenged statement, which does address A.W.'s truthfulness, we note that the rest of Ritchie's statement was, "But I could not tell you one way or the other whether it was true or not." Thus, Ritchie's testimony was expressly not a direct opinion on A.W.'s truthfulness. Because we conclude that Ritchie's testimony was not objectionable, we conclude that Appellant's counsel was not ineffective in failing to object to Ritchie's testimony. *See Wood v. State*, 4 S.W.3d 85, 91 (Tex. App.—Fort Worth 1999, pet. ref'd) ("A defense attorney is not ineffective for failing to make futile objections or request instructions that are not required.").

Appellant complains that Rollins testified that: (1) she found no motivation for A.W. to lie and saw no signs of coaching based on "her details . . . that a 5-year-old can't normally talk about, doesn't know about, has never experienced;" and (2) based on A.W.'s statements, Rollins believes she had "more than probable cause" to arrest Appellant. Rollins' first statement falls squarely within the permitted realm of testimony regarding coaching or manipulation. *Schutz*, 957 S.W.2d at 73. The second statement is clearly not a comment on A.W.'s truthfulness. Rather, it is Rollins concluding that, based on all of the evidence that she had just identified, she had probable cause to believe that Appellant had sexually abused A.W. As above, we conclude that Rollins' testimony was not objectionable. Consequently, Appellant's counsel was not ineffective for failing to object to Rollins' testimony. *See Wood*, 4 S.W.3d at 91 (defense counsel not ineffective for failing to make futile objections).

10

Finally, Appellant complains that Sprinkle testified that: (1) she "[took] the blinders off and like really believe[d] what was happening," (2) she believed A.W.'s outcry, and (3) her initial disbelief of A.W. was because she was "blinded" by her relationship with Appellant. Notably, the first two statements were made during a hearing outside the presence of the jury. The third statement was made in the context of defense counsel getting Sprinkle to admit that she did not initially believe A.W. Rather than an opinion regarding A.W.'s truthfulness, Sprinkle was explaining her initial disbelief of her daughter. We do not find this testimony to be inappropriate. *See Yount*, 872 S.W.2d at 712 (State may not elicit testimony that particular child is telling the truth). We conclude that Sprinkle's testimony identified by Appellant was not objectionable and, therefore, Appellant's counsel was not ineffective for failing to object to it. *See Wood*, 4 S.W.3d at 91 (defense counsel not ineffective for failing to make futile objections).

Because the identified testimony was not objectionable, it was not ineffective assistance for trial counsel not to object. *Id*. Consequently, we overrule Appellant's fifth issue.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Chief Justice

Do not publish.

11